**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **CONVERGENT MEDIA SOLUTIONS LLC,** | |
| Plaintiff, | Civil Action No. ____ |
| **v.** | **JURY TRIAL DEMANDED** |
| **ROKU, INC.,** | |
| Defendants. | |

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Convergent Media Solutions LLC ("Convergent" or "Plaintiff") files this Complaint against Roku, Inc. ("Roku" or "Defendant") for infringement of U.S. Patent No. 8,850,507 ("the '507 patent") and U.S. Patent No. 8,893,212 ("the '212 patent").

## THE PARTIES

1.       Convergent is a limited liability company organized and existing under the laws of the State of New York, having a principal place of business in Dallas, Texas.

2.       Roku is a Delaware corporation, having a principal place of business in Saratoga, California.  Roku may be served through its registered agent, CSC - Lawyers Incorporating Service, 2710 Gateway Oaks Drive, Suite 150N, Sacramento, California 95833.

## JURISDICTION AND VENUE

3.       Convergent brings this action for patent infringement under the patent laws of the United States, namely 35 U.S.C. §§ 271, 281, and 284-285, among others.

4.       This Court has subject matter jurisdiction over the claims in this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c), and 1400(b). On information and belief, Defendant is deemed to reside in this judicial district, has committed acts of infringement in this judicial district, has purposely transacted business in this judicial district, and/or has regular and established places of business in this judicial district.

6. Defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial and pervasive business in this State and judicial district, including: (A) at least part of its infringing activities alleged herein; and (B) regularly doing or soliciting business and, accordingly, deriving substantial revenue from goods and services provided to Texas residents.

7. More specifically, Defendant's substantial contacts with the forum include, but are not limited to, marketing, sale, distribution, and use of its services and applications (e.g., the Roku mobile apps) to consumers in the Northern District of Texas and/or the provision of technical and customer support for such services and applications.

## COUNT I

### (INFRINGEMENT OF U.S. PATENT NO. 8,850,507)

8. Convergent incorporates paragraphs 1 through 7 herein by reference.

9. Convergent is the assignee of the '507 patent, entitled "Method and Apparatus for Browsing Using Alternative Linkbases," with ownership of all substantial rights in the '507 patent, including the right exclude others and to enforce, sue and recover damages for past and future infringement. A true and correct copy of the '507 patent is attached as Exhibit B-1 to Exhibit 1.

10. The '507 patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

11.     Defendant has infringed, and continues to infringe, claims of the '507 patent by importing, making, using, selling, and/or offering for sale or use products and/or services that embody the claimed inventions, including (for example) at least claims 1, 3, 12, and 14 by importing, making, using, selling and/or offering for sale, in the United States, products and/or services (e.g., the Roku mobile apps) that enable control of video playback on a first device (e.g., television coupled to a media streaming device) by a second device (e.g., smartphone, tablet).

12.     Defendant has been, and now is, inducing direct infringement of claims of the '507 patent, including (for example) at least claims 1, 3, 12, and 14, by consumers of Defendant's products and services (e.g., the Roku mobile apps) that are distributed or otherwise provided by Defendant to such consumers, which products and services enable a consumer to control video playback of content on a first device (e.g., television coupled to a media streaming device) using a second device (e.g., smartphone, tablet).

13.     Defendant has been aware of the '507 patent since (at least) May 2015 based on a May 19, 2015 letter (the "May 19 Letter"), attached hereto as Exhibit 1 and incorporated herein by reference, that Convergent sent Defendant, which invited Defendant to enter into licensing discussions.  The May 19 Letter identified the '507 patent as relevant to Defendant's systems and services and included a copy of the '507 patent.

14.     Defendant has knowledge that consumer use of its products and services (e.g., the Roku mobile apps) that enable a consumer to control video playback of content on a first device (e.g., television coupled to a media streaming device) using a second device (e.g., smartphone, tablet) infringes claims of the '507 patent based at least on Convergent's May 19 Letter, which identifies how the '507 patent is infringed through the use of Defendant's products and services.

15.     Despite having knowledge that consumer use of its products and services (e.g., the Roku mobile apps) that enable a consumer to control video playback of content on a first device (e.g., television coupled to a media streaming device) using a second device (e.g., smartphone, tablet) infringes claims of the '507 patent, based at least on the May 19 Letter, Defendant has specifically intended for consumers to acquire and use such products and services in a manner that infringes the '507 patent, including at least claims 1, 3, 12, and 14, and Defendant knew or should have known that its actions were inducing infringement.   Since Convergent sent the May 19 Letter, Defendant has continued to distribute or otherwise provide materials that provide consumers with instructions for using its products and services (e.g., the Roku mobile apps) to control video playback of content on a first device (e.g., television coupled to a media streaming device) using a second device (e.g., smartphone, tablet), thereby encouraging consumers to use such products and services in a manner that infringes claims of the '507 patent.   *See, e.g.,* What do the Roku mobile apps do?, *available at* http://support.roku.com/entries/22060368-What-do-the-Roku-mobile-apps-do-;  Roku External Control Guide, *available at* http://sdkdocs.roku.com/display/sdkdoc/External+Control+Guide; How do I install and begin using the Roku Android app?, *available at* http://support.roku.com/entries/22060778-How-do-I-install-and-begin-using-the-Roku-Android-app-.  Defendant continues to advertise, distribute, or otherwise provide these products and services to consumers.   Defendant's conduct amounts to active inducement of infringement of the '507 patent in violation of 35 U.S.C. § 271(b).

16.     Convergent has been damaged as a result of Defendant's infringing conduct described in this Count I.  Defendant is, thus, liable to Convergent in an amount that adequately

compensates it for its infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## COUNT II

### (INFRINGEMENT OF U.S. PATENT NO. 8,893,212)

17.     Convergent incorporates paragraphs 1 through 16 herein by reference.

18.     Convergent is the assignee of the '212 patent, entitled "Method and Apparatus for Browsing Using Alternative Linkbases," with ownership of all substantial rights in the '212 patent, including the right exclude others and to enforce, sue and recover damages for past and future infringement.  A true and correct copy of the '212 patent is attached as Exhibit C-1 to Exhibit 1.

19.     The '212 patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

20.     Defendant has infringed, and continues to infringe, claims of the '212 patent by importing, making, using, selling, and/or offering for sale or use products and/or services that embody the claimed inventions, including (for example) at least claim 1 by importing, making, using, selling and/or offering for sale, in the United States, products and/or services (e.g., the Roku mobile apps) that enable control of video playback on a first device (e.g., television coupled to a media streaming device) by a second device (e.g., smartphone, tablet).

21.     Defendant has been, and now is, inducing direct infringement of claims of the '212 patent, including (for example) at least claim 1, by consumers of Defendant's products and services (e.g., the Roku mobile apps) that are distributed or otherwise provided by Defendant to such consumers, which products and services enable a consumer to control video playback of

content on a first device (e.g., television coupled to a media streaming device) using a second device (e.g., smartphone, tablet).

22.     Defendant has been aware of the '212 patent since (at least) May 2015 based on the May 19 Letter Convergent sent Defendant.  The May 19 Letter identified the '212 patent as relevant to Defendant's systems and services and included a copy of the '212 patent.

23.     Defendant has knowledge that consumer use of its products and services (e.g., the Roku mobile apps) that enable a consumer to control video playback of content on a first device (e.g., television coupled to a media streaming device) using a second device (e.g., smartphone, tablet) infringes claims of the '212 patent based at least on Convergent's May 19 Letter, which identifies how the '212 patent is infringed through the use of Defendant's products and services.

24.     Despite having knowledge that consumer use of its products and services (e.g., the Roku mobile apps) that enable a consumer to control video playback of content on a first device (e.g., television coupled to a media streaming device) using a second device (e.g., smartphone, tablet) infringes claims of the '212 patent based at least on the May 19 Letter, Defendant has specifically intended for consumers to acquire and use such products and services in a manner that infringes the '212 patent, including at least claim 1, and Defendant knew or should have known that its actions were inducing infringement.  Since Convergent sent the May 19 Letter, Defendant has continued to distribute or otherwise provide materials that provide consumers with instructions for using its products and services (e.g., the Roku mobile apps) to control video playback of content on a first device (e.g., television coupled to a media streaming device) using a second device (e.g., smartphone, tablet), thereby encouraging consumers to use such products and services in a manner that infringes claims of the '212 patent.  *See, e.g.,* What do the Roku mobile apps do?, *available at* http://support.roku.com/entries/22060368-What-do-

the-Roku-mobile-apps-do-;    Roku    External    Control    Guide,    *available    at*

http://sdkdocs.roku.com/display/sdkdoc/External+Control+Guide; How do I install and begin

using the Roku Android app?, *available at* http://support.roku.com/entries/22060778-How-do-I-

install-and-begin-using-the-Roku-Android-app-.  Defendant continues to advertise, distribute, or

otherwise provide these products and services to consumers.  Defendant's conduct amounts to

active inducement of infringement of the '212 patent in violation of 35 U.S.C. § 271(b).

25.    Convergent has been damaged as a result of Defendant's infringing conduct

described in this Count II.  Defendant is, thus, liable to Convergent in an amount that adequately

compensates it for its infringements, which, by law, cannot be less than a reasonable royalty,

together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## JURY DEMAND

Convergent hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of

Civil Procedure.

## PRAYER FOR RELIEF

Convergent requests that the Court find in its favor and against Defendants, and that the

Court grant Convergent the following relief:

a.    Judgment that one or more claims of the '507 and '212 patents have been
infringed, either literally and/or under the doctrine of equivalents, by Defendant;

b.    Judgment that Defendant account for and pay to Convergent all damages to and
costs incurred by Convergent because of Defendant's infringing activities and
other conduct complained of herein;

c.    Judgment that Defendant account for and pay to Convergent a reasonable, on-
going, post-judgment royalty because of Defendant's infringing activities and
other conduct complained of herein;

d.    That Convergent be granted pre-judgment and post-judgment interest on the
damages caused by Defendant's infringing activities and other conduct
complained of herein; and

e.      That Convergent be granted such other and further relief as the Court may deem just and proper under the circumstances.

**Dated:  June 26, 2015**                          Respectfully submitted,


/s/ Brent N. Bumgardner
Brent N. Bumgardner
Texas State Bar No. 00795272
Attorney-in-Charge
Ryan P. Griffin
Texas State Bar No. 24053687
Anthony Vecchione
Texas State Bar No. 24061270
NELSON BUMGARDNER, P.C.
3131 West 7th Street, Suite 300
Fort Worth, Texas 76107
(817) 377-9111
(817) 377-3485 (fax)
brent@nelbum.com
ryan@nelbum.com
anthony@nelbum.com

**Attorneys for Plaintiff**
**Convergent Media Solutions LLC**